**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**CHARLESTON DIVISION**

| | |
|---|---|
| BEVan XAVIER BROOKS, SR. ) <br> a/k/a Bevan Xavier Brooks, ) <br> ) <br>               Plaintiff, ) <br> ) <br>    -vs- ) <br> ) <br> CHIEF HORACE JAMES, OFC. ) <br> CLYDE JOHNSON, NURSE WEBBER, ) <br> DEPUTY DIRECTOR MRS. DOZIER, ) <br> SGT. MATHIS., OFC. A. BROWN, ) <br> DIRECTOR WILLIE BAMBERG, DR. ) <br> SWEATMAN, CPT. CHARLES ) <br> GOVAN, CPL. MURPHY, SGT. ) <br> WOODS, OFC. PAUL, OFC ) <br> CHIOSOLM, OFC. RYAN, AND ) <br> SGT. FRISK, ) <br>               Defendants. ) <br> _____ ) | CIVIL ACTION 2:10-2010-MBS <br><br><br><br><br><br><br> <u>ORDER</u> |

      This matter is before the court upon the pro se Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. The record contains the Report and Recommendation of Magistrate Judge Bruce Howe Hendricks, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the Report and Recommendation, Magistrate Judge Hendricks recommends that the court grant Defendants' motion for summary judgment. After being granted an extension of time, Plaintiff filed written objections to the Report and Recommendation, and the matter is now ripe for review.

**Background/Facts**

At the time relevant to this action, Plaintiff was a pre-trial detainee at the Orangeburg Calhoun Regional Detention Center ("OCRDC"). Plaintiff filed this action on August 2, 2010 seeking damages for alleged civil rights violations. Plaintiff's complaint named as defendants various officials at the OCRDC, including Director Willie Bamberg, Deputy Director Vernetia Dozier, Chief of Security Horace James, Captain Charles Govan, and other detention officers and officials, as well as physician Robert Sweatman and Nurse Bena Weber (collectively the "Defendants").

In the complaint (ECF No. 1) and amended complaint (ECF No. 18), Plaintiff made several claims relating to his detention at the OCRDC. Plaintiff's claims included allegations regarding being placed on disciplinary lockdown; being fed Nutraloaf; not being allowed a regular diet while in lockdown; experiencing medical mismanagement and/or medical indifference; being denied correspondence materials; and being threatened and assaulted. Plaintiff seeks monetary damages as well as equitable relief. Defendants deny Plaintiff's allegations. (See ECF No. 21).

After filing his complaint, Plaintiff filed motions to appoint counsel (ECF No. 43[1] and 72); motions for extension of time (ECF No. 33 and 44); a motion for preliminary injunction (ECF No. 59); a motion to amend/correct complaint (ECF No. 60); and a motion for a restraining order (ECF No. 73). Defendants filed responses opposing Plaintiff's various motions as well as a motion for summary judgment. (ECF No. 39.) By order dated November 23, 2010, Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately.

---

[1] Magistrate Judge Hendricks denied Plaintiff's motion for appointment of counsel on December 22, 2010. (ECF No. 49.)

(ECF No. 40) (citing <u>Roseboro v. Garrison</u>, 528 F. 2d 309 (4th Cir. 1975)). On December 21, 2010, Plaintiff filed a motion seeking an extension of time to respond to Defendants' motion for summary judgment. (ECF No. 44.) The Magistrate granted Plaintiff's request for an extension (ECF No. 48), and Plaintiff filed his response on January 12, 2011. (ECF No. 51.)

On April 7, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the court grant Defendants' motion for summary judgment. (ECF No. 56.) In recommending summary judgment, the Magistrate Judge noted, inter alia, that: (1) Plaintiff failed to state a claim relating to the conditions of his confinement since not every hardship suffered during pretrial detention amounts to punishment; (2) Plaintiff failed to state a due process claim violation in regard to his disciplinary actions; (3) Plaintiff failed to produce evidence that Defendants' actions or inactions regarding his medical care rose to the level of a constitutional violation; (4) Plaintiff failed to state an excessive force claim; (5) Verbal threats made by Defendants did not implicate constitutional concerns; and (6) Plaintiff failed to show that his right to access to the courts had been violated because he has not shown any actual injury. Plaintiff did not file objections to the Report and Recommendation.[2]

On April 29, 2011, Judge Matthew J. Perry, Jr. issued an order granting Defendants' motion for summary judgment; denying Plaintiff's motions to amend and for a preliminary injunction; and adopting the Report and Recommendation of the Magistrate Judge. (ECF No. 64.)[3] On May 20, 2011, Plaintiff moved to reopen this case. (ECF No. 67.) Plaintiff asserted that he had

---

[2]Specific written objections must be filed within fourteen (14) days of the date of service of the Report and Recommendation. 28 U.S.C. § 636(b)(1).

[3]This case was reassigned to Judge Margaret B. Seymour on August 8, 2011, following the death of Judge Matthew J. Perry, Jr.

attempted to mail objections to the Magistrate Judge's Report and Recommendation, but the OCRDC was not forwarding his mail to the Post Office. On May 27, 2011, Judge Perry vacated his previously entered order and gave Plaintiff an additional thirty days to file objections. (ECF No. 68.)   Thereafter, on June 6, 2011, Plaintiff filed motions for appointment of counsel and for a restraining order of protection. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on June 27, 2011. (ECF No. 76.)

## Standard of Review

I. The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made 28 U.S.C. §636(b)(1).  The court is free, after review, to accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  Wood v. Schneider, 537 F. Supp. 660, 661 (D.S.C. 1982).

II. Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  The court is not to weigh the evidence but rather must determine if there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court

that there is no genuine issue of material fact. Celotex Corp. v. Catrette, 477 U.S. 317 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324.

## Discussion

The court has carefully reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation. As previously observed by the court, general objections to the Magistrate Judge's Report and Recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object. Veney v. Astrue, 539 F. Supp.2d 841, 845 (W.D. Va. 2008). Here, Plaintiff states that he "objects to the report and recommendation in its entirety and would like to be able to contest the denials of the Defendants in a jury trial." (ECF No. 76.) The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d at 47-48. Nonetheless, the court is mindful that Plaintiff is proceeding pro se and is entitled to some deference. See Cruz v. Betow, 405 U.S. 319 (1972) (stating that courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a meritorious case). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Serv., 901 F2d. 387, 390-391 (4th Cir. 1990).

## Conclusion

After thorough review of the Magistrate Judge's Report and Recommendation, the

Plaintiff's objections, the record in its entirety, and the applicable law, the court concurs with the Magistrate Judge's recommendation. Defendants' motion for summary judgment is **granted**. The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

After the Magistrate Judge issued her Report and Recommendation, Plaintiff filed a second motion for appointment of counsel (ECF No. 72) and a motion "for Restraining Orders, Order of Protection, and Prayer for Transfer." (ECF No. 73.) It is further ordered that Plaintiff's motion to appoint counsel and motion "for Restraining Orders, Order of Protection, and Prayer for Transfer" are **denied**.

    **IT IS SO ORDERED**.


                                                  <u>/s/Margaret B. Seymour</u>
                                                  United States District Judge

Columbia, South Carolina
September <u>30</u>, 2011